IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEVEN J. HAYS                                                                                              PETITIONER

v.                           Civil Case No. 5:25-cv-05129

CITY OF ROGERS DISTRICT COURT, et al.                                              RESPONDENTS

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

On May 14, 2025, Petitioner filed his habeas corpus action seeking relief under 28 U.S.C. § 2254. (ECF No. 1). It is alleged by Petitioner that the City of Rogers, Arkansas deprived him of his Arkansas driver's license after finding him guilty of a "verbal charge" of failing to appear when Petitioner was not convicted of the original charge of speeding. *Id.,* pp. 6-8. There is no allegation that Petitioner is or was incarcerated in connection with this charge, and/or received a sentence of incarceration, probation or supervision in connection with the deprivation of his driver's license. (ECF No. 1). Petitioner includes no case number or adjudication date.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES. The Petition has not been served on any Defendant, and following review, the undersigned finds this Court lacks jurisdiction and recommends dismissal of Plaintiff's action for the reasons stated herein.

**I.   Jurisdiction**

As an initial matter, the undersigned must decide whether Petitioner is entitled to a writ of

habeas corpus. To invoke a federal court's jurisdiction to review a petition for a writ of habeas corpus, a petitioner must be "a person in custody pursuant to the judgment of a State court ... in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490 (1989) ("The federal habeas statute gives the United States' district courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States.") (cleaned up). The habeas petition must describe a substantial infringement of a constitutional right and include a factual statement which, if true would entitle the petitioner to relief. *Gardner v. Norris,* 949 F. Supp. 1359, 1368 (E.D. Ark.1996). The petition must state facts that point to a real possibility of constitutional error. *Blackledge v. Allison,* 431 U.S. 63, 75, fn. 1 (1977). Importantly, a petition for habeas corpus is a challenge to the fact or duration of confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody"). Thus, for a federal district court to exercise subject matter jurisdiction over this matter, Petitioner must have been "in custody" at the time he filed his habeas petition. *See* 28 U.S.C. §§ 2241(c)(3), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

Historically, the federal courts required the petitioner to be presently confined at the time the habeas corpus petition was adjudicated to be considered "in custody" for purposes of federal habeas corpus review. *See Parker v. Ellis,* 362 U.S. 574 (1960) (Supreme Court dismissed petition for lack of jurisdiction because the matter became moot once the petitioner completed his sentence and was released from prison). The definition of "in custody" has since expanded; it is no longer a requirement that the petitioner be physically incarcerated at the time his petition is adjudicated,

2

or even at the time he files his petition. For instance, a district court may not dismiss a petition for a writ of habeas corpus as moot because a petitioner is on parole. *Jones v. Cunningham,* 371 U.S. 236, 243 (1963). The theory behind the modern view of the "in custody" requirement is that individuals who are on parole, probation, or out on bail are "subject to restraints not shared by the public generally." *Hensley v. Municipal Court, San Jose–Milpitas Judicial Dist.* 411 U.S. 345, 351 (1973). Thus, a petition for a writ of habeas corpus remains justiciable if, at the time, the petition is filed, the petitioner is subject to some type of restraint. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1963).

Here, Petitioner is not incarcerated, on parole or probation, or on pre-trial release. Rather, he is unrestrained in the free world, challenging only the loss of his driving privileges. These consequences are not significant restraints on Petitioner's liberty and do not satisfy the in-custody requirement of § 2254. *See DuBuc v. Shores,* 2023 WL 3743878 (W.D. Ark. May 12, 2023) (threat of jail time for non-payment of fines is not in-custody unless supervisory controls exercised over defendant); *Sterling v. Paulding State Court,* 2023 WL 11979681 (N.D. Ga. Feb. 14, 2025) (traffic/cell phone citations do not satisfy in-custody requirement of §2254(a)); *Victor v Ohio*, 2017 WL 1199102 (N.D. Oh. March 31, 2017) (requirement to pay fines does not equate to "custody"); *Wunderlich v. City of Flushing,* 2014 WL 7433411 (E.D. Mich. Dec. 31, 2014) (loss of driving privileges along with court order to abstain from alcohol not in-custody); *Lillios v. State of N.H.,* 788 F.2d 60, 61 (1st Cir.1986) (suspension or revocation of driver's license does not satisfy the in-custody requirement); *Harts v. State of Ind.*, 732 F.2d 95, 96–97 (7th Cir. 1984); *Westberry v. Keith*, 434 F.2d 623, 624–25 (5th Cir.1970) (revocation of driver's license upon conviction for traffic violation is not "in custody" within the meaning of § 2254); *Kohn v. Michigan State Police,*

2001 WL 902715 (E.D. Mich. June 6, 2001) ("Numerous courts have held that the imposition of traffic tickets or fines or even the suspension of driving privileges is not a severe enough restraint on a petitioner's liberty to satisfy the 'in custody' requirement of the habeas corpus statute."); *Whorley v. Brilhart*, 359 F. Supp. 539 (E.D. Va.1973) (suspended license does not constitute custody within the meaning of § 2254).

Because Petitioner's pled circumstances do not constitute "custody" under § 2254, the undersigned finds this Court lacks subject matter jurisdiction over his action and recommends this habeas petition be dismissed.

## II.   Certificate of Appealability

As a second and final matter, under Section 2253(c)(2) of the United States Code, the undersigned must determine whether a certificate of appealability should be granted. A certificate should issue if the petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The recommended dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is premised upon a determination that the habeas action, on its face, lacks sufficient merit to warrant service.   It would be highly unlikely for this Court to grant a certificate, which would indicate to the Eighth Circuit Court of Appeals that this issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler,* 952 F.2d 10 (1st Cir.1991) (finding that it is somewhat anomalous for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir.1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York,* 865 F.2d 44, 46 (2d Cir.1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does

not warrant service under Rule 4); *Williams v. Kullman,* 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The undersigned recommends denial of Petitioner's motion on the procedural ground that this Court lacks subject-matter jurisdiction. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned finds that reasonable jurists could not debate that this court correctly dismissed Petitioner's claims for lack of subject-matter jurisdiction. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, it is recommended that Petitioner be denied a certificate of appealability and recommended that Petitioner be denied permission to appeal in forma pauperis because any appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(4).

**Petitioner has fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 18th day of June 2025.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE